> Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington
>
> January 12, 2022
>
> RAVI SUBRAMANIAN, Clerk
>
> By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JOHN ERIN BINNS,<br>  a/k/a, "Irdev,"<br>  a/k/a, "IntelSecrets,"<br>  a/k/a, "V0rtex,"<br>  a/k/a, "SubVirt,"<br><br>Defendant. | NO. **CR22-004 LK**<br><br>**INDICTMENT** |

The Grand Jury charges that:

## COUNT 1

### (Conspiracy to Commit Computer Fraud and Abuse)

**A.    Overview**

1.    The defendant, JOHN ERIN BINNS ("BINNS"), known by various monikers, such as "Irdev," "IntelSecrets," "V0rtex," and "SubVirt," among others, is a United States citizen who, during the relevant time period described herein, resided in the Republic of Turkey.

2.    BINNS, with the assistance of others, known and unknown to the Grand Jury, successfully hacked the protected computers and networks of T-Mobile US, Inc.

Indictment - 1
*United States v. Binns*
USAO No. 2021R00952

1   ("T-Mobile"), a telecommunications company and wireless network operator

2   headquartered in the Western District of Washington.  BINNS, using such unauthorized

3   network access, stole confidential and sensitive information and other data of value,

4   including, but not limited to, personally identifiable information (PII) of more than

5   40 million current, prospective, and former T-Mobile customers, which BINNS offered for

6   sale and did sell on the dark web.

7   **B.     Offense**

8          3.       Beginning at a time unknown, but no later than in or about December 2020,

9   and continuing to the present, in King County, within the Western District of Washington,

10  and elsewhere, JOHN ERIN BINNS, and others known and unknown to the Grand Jury,

11  did knowingly and willfully combine, conspire, confederate and agree together to commit

12  offenses against the United States, to wit:

13          a.       to intentionally access computers without authorization, and thereby

14  obtain information from protected computers, and further to commit the offense for

15  purposes of private financial gain, and to obtain information with a value exceeding

16  $5,000, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B);

17  and

18          b.       to knowingly cause the transmission of a program, information, code,

19  and command, and as a result of such conduct, intentionally cause damage without

20  authorization to a protected computer, and the offense caused loss to one or more persons

21  during a 1-year period aggregating at least $5,000 in value and the offense caused damage

22  affecting 10 or more protected computers during a 1-year period, in violation of Title 18,

23  United States Code, Sections 1030(a)(5)(A) and (c)(4)(B).

24  **C.     Objects of the Conspiracy**

25          4.       The objects of the conspiracy included, through use of deceptive and

26  fraudulent means, gaining access to protected computers and networks without

27  authorization and to the data stored thereon.  The objects of the conspiracy included

28  planting malware on the protected computers, and stealing sensitive databases and

Indictment - 2
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  information, including personal identifiable information (PII) of real persons, and other

2  confidential files, with the purpose and intent to monetize such non-public material by

3  obtaining money and things of value, including sums of cryptocurrency, through sale and

4  further to deprive victims of the exclusive control and ownership of their property.

5  **D.    Manner and Means of the Conspiracy**

6         5.       The manner and means used to accomplish the conspiracy included, among

7  other things, the following:

8                a.       BINNS, from a foreign country, used specially-designed scripts to

9  scan Internet Protocol ("IP") addresses belonging to T-Mobile for potential vulnerabilities

10  and points of unauthorized access to T-Mobile's protected computers and networks.

11                b.       BINNS gained access to T-Mobile's Bellevue Lab Environment

12  servers ("Bellevue Lab"), located in the Western District of Washington, by fraudulently

13  emulating a valid subscriber, related to a particular system tool, and falsely presenting his

14  access as authentic and authorized.

15                c.       BINNS conducted reconnaissance and network scanning and deployed

16  password-spraying scripts that attempted authentication with username and password pairs.

17                d.       BINNS installed a backdoor on the Bellevue Lab and deployed

18  malicious software (malware) capable of performing system surveys, file transfers,

19  command execution, file system operations, and tunneling.

20                e.       BINNS used stolen passwords and credentials to traverse T-Mobile's

21  protected computers and networks and further access, without authorization, additional

22  server groups located throughout the United States and elsewhere.

23                f.       BINNS conducted queries across T-Mobile's protected computers and

24  networks, including using names and other information of known associates of BINNS.

25                g.       BINNS searched for and located items of potential value, including

26  databases and information related to current, former, and prospective T-Mobile customers,

27  which BINNS packaged into output data files.

28

Indictment - 3
*United States v. Binns*
USAO No. 2021R00952

1          h.      BINNS thereafter transferred the packaged data files to the Bellevue

2  Lab, from which BINNS transferred the packaged data files from T-Mobile's protected

3  computers and networks to an external location in a foreign country.

4          i.      BINNS executed scripts to delete original data from T-Mobile's

5  protected computers and networks.

6          j.      BINNS operated one or more accounts on the underground dark web

7  forum RaidForums, a popular marketplace and database-sharing site frequented by

8  cybercriminals used to promote data leaks and hacking activity, including to advertise

9  hacked data for sale.  Using RaidForums, BINNS offered and advertised hacked data for

10  sale, including T-Mobile customer databases and stolen PII.

11          k.      BINNS engaged others to assist in the activity and to further the

12  objects of the conspiracy, including, but not limited to, the following:

13              i.      "Coconspirator-1," known by moniker "und0xxed," a citizen

14  and resident of the United States, who, among other things, assisted BINNS in locating

15  interested buyers and in facilitating the sale of advertised T-Mobile data; and

16              ii.      "Coconspirator-2," a citizen and resident of Germany, who,

17  among other things, assisted BINNS by providing infrastructure and support, such as

18  virtual servers and electronic storage, and with the transfer of proceeds derived from the

19  sale of stolen T-Mobile data; and,

20              iii.      "Coconspirator-3," an unidentified person, who, among other

21  things, provided BINNS with assistance in the intrusion activity.

22          l.      BINNS, and others, communicated with one another and others using

23  various communication platforms.  For instance, BINNS created and used accounts on

24  Telegram, an encrypted messaging service, to communicate with potential buyers and

25  others seeking information about the T-Mobile hack and the advertised T-Mobile data.

26          m.      BINNS, and others, promoted themselves, the T-Mobile hack, and in

27  turn the advertised T-Mobile data, through use of social media accounts, such as Twitter

28  accounts.  For instance, BINNS, using Twitter account @IntelSecrets, and

Indictment - 4
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Coconspirator-1, using Twitter account @und0xxed, disseminated information, by "tweeting" and "retweeting," about the hack of T-Mobile and directed interested parties to contact BINNS at a particular Telegram handle.

n.    BINNS, and others, further promoted themselves, the T-Mobile hack, and in turn the advertised T-Mobile data through interviews with news outlets.  For instance, Coconspirator-1 provided information to a cybersecurity website.  BINNS similarly provided an interview to the Wall Street Journal, details of which were included in an article published on about August 26, 2021.

o.    BINNS further engaged in misdirection techniques, including the use of false information.  For instance, in certain communications, BINNS included the name and information of others, which had the intended and material effect of falsely implicating and drawing attention toward other persons in relation to BINNS' criminal activity.

p.    BINNS agreed to sell the advertised T-Mobile data to an interested buyer ("Buyer-1"), and to no other buyer, for an agreed upon amount (far in excess of $5,000), payable in Bitcoin.

q.    BINNS provided Buyer-1 access to a sample of the advertised T-Mobile data in order to assess the authenticity of the files and information, in exchange for a portion of the agreed upon purchase amount.  Upon confirmation of authenticity, BINNS provided Buyer-1 the entirety of the advertised T-Mobile data, in exchange for the remainder of the agreed upon purchase amount.  Each transfer utilized a third-party escrow service that received the Bitcoin transfers from Buyer-1 and, upon confirmation, released the Bitcoin to a wallet owned and controlled by BINNS.

r.    BINNS, contrary to the negotiated arrangement with Buyer-1, retained a copy of the advertised T-Mobile data, which BINNS and others have attempted to further monetize and otherwise use to their benefit.

**E.    Overt Acts**

6.    In furtherance of the conspiracy, and to achieve the objects thereof, BINNS, and others known and unknown to the Grand Jury, did commit and cause to be committed

Indictment - 5
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the following overt acts, among others, in the Western District of Washington and

2  elsewhere:

3       a.     On or about December 17, 2020, BINNS attempted to connect to a

4  T-Mobile IP address and T-Mobile's network.

5       b.     On or about March 7, 2021, BINNS attempted to connect to multiple

6  T-Mobile IP addresses.

7       c.     On or about July 31, 2021, BINNS accessed the Bellevue Lab and

8  installed "backdoor" malware.

9       d.     On or about July 31, 2021, BINNS sent a message to Coconspirator-3,

10  stating: "Do what I told u to do asap…Bc I found a way to access you know what."

11       e.     Between on or about July 31, and August 4, 2021, BINNS accessed

12  the Bellevue Lab and engaged in network-scanning and password-spraying activity.

13       f.     On or about August 4, 5, and 6, 2021, BINNS accessed multiple server

14  groups, traversed local directories, and enumerated file contents.  From those files, he used

15  passwords for database accounts to access other databases, and copied their contents back

16  through the Bellevue Lab.

17       g.     Between on or about August 5 and 12, 2021, BINNS accessed the

18  Bellevue Lab and transferred files and databases to an external location.

19       h.     On or about August 11, 2021, BINNS, using the "SubVirt" account,

20  created a post on RaidForums offering to sell recently-hacked data with the following title:

21  "SELLING-124M-U-S-A-SSN-DOB-DL-database-freshly-breached."  The post provided a

22  small sample of data, which included names and date of birth (DOBs), and priced the

23  information at six (6) Bitcoin.

24       i.     On or about August 13, 2021, BINNS disconnected from the Bellevue

25  Lab.  BINNS' subsequent attempts to access the Bellevue Lab were unsuccessful.

26       j.     On or about August 14, 2021, Coconspirator-1, using Twitter,

27  disclosed the T-Mobile hack, including in the following "tweets":

28

Indictment - 6
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

i.     "You heard it here first: T-Mobile got DESTROYED on Aug 5, we have the next TalkTalk ladies and gentlemen [emojis] @TMobile @TMobileHelp"; and

ii.     "Publicly disclosing a breach of the @TMobile customer/CRM and other databases including names, addresses, SSNs, DoBs, card numbers, DL numbers, IMEI/IMSI, and more. 36 million unique entries. The data was held in the Polaris and Titan data centers. Currently 100% private."

k.     On or about August 14, 2021, BINNS, using the "SubVirt" account, created a revised post on RaidForums offering to sell recently-hacked data with the following title: "SELLING 30M SSN + DL + DOB database."  The post provided a small sample of data, which included names and DOBs, and priced the information at six (6) Bitcoin.  The post also provided a Telegram handle as contact information for interested buyers.  A subsequent RaidForums post confirmed that the hacked data belonged to T-Mobile.

l.     On or about August 15, 2021, Coconspirator-1, using Twitter, provided a Telegram handle for others interested in "samples or more info" regarding the T-Mobile hack and stolen data.

m.     On or about August 17, 2021, after receiving a Bitcoin payment from Buyer-1 to an escrow account, BINNS provided Buyer access to a portion of the stolen T-Mobile data.

n.     On or about August 22, 2021, after receiving an additional Bitcoin payment to an escrow account, BINNS provided Buyer-1 access to the complete set of stolen T-Mobile data.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 - 3

**(Computer Fraud and Abuse:  Intentional Damage to Protected Computer)**

7.     The allegations set forth in Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if fully set forth herein.

8.     On or about the dates set forth below, in King County, within the Western District of Washington, and elsewhere, JOHN ERIN BINNS, and others known and unknown to the Grand Jury, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer.

| Count | Date(s) | Description |
|-------|---------|-------------|
| 2 | July 31, 2021 | Installation of malware, including a backdoor, on T-Mobile's Bellevue Lab |
| 3 | August 5-8, 2021 | Deletion of data files from T-Mobile's protected computers and networks, using commands and signals that traversed T-Mobile's Bellevue Lab |

9.     The offense caused loss to one or more persons during a 1-year period aggregating at least $5,000 in value, and caused damage affecting 10 or more protected computers during a 1-year period.

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B).

## COUNT 4

**(Computer Fraud and Abuse:  Unauthorized Access to Protected Computer)**

10.     The allegations set forth in Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if fully set forth herein.

11.     On or about August 5, 2021, in King County, within the Western District of Washington, and elsewhere, JOHN ERIN BINNS, and others known and unknown to the Grand Jury, intentionally accessed a computer without authorization, and thereby obtained information from a protected computer.

12.     The offense was committed for purposes of private financial gain and the value of the information obtained exceeded $5,000.

All in violation of Title 18, United States Code, Sections 1030(a)(2) and (c)(2)(B).

Indictment - 8
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNTS 5 - 7

### (Wire Fraud)

13.     The allegations set forth in Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if fully set forth herein.

**A.     Scheme and Artifice to Defraud**

14.     Beginning at a time unknown, but no later than in or about December 2020, and continuing to the present, in King County, within the Western District of Washington, and elsewhere, JOHN ERIN BINNS, and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

**B.     Essence of the Scheme**

15.     The essence of the scheme and artifice to defraud is set forth in Paragraph 4 of this Indictment and is re-alleged and incorporated as if fully set forth herein.

16.     The essence of the scheme and artifice to defraud further included the fraudulent and unauthorized use of passwords and credentials to access databases and to execute commands and scripts on protected computers and servers.  The essence of the scheme and artifice to defraud further included falsely and fraudulently representing the exclusivity of the sale of stolen data in order to elevate the purchase price.

**C.     Manner and Means**

17.     The manner and means of the scheme and artifice to defraud are set forth in Paragraph 5 of this Indictment and are re-alleged and incorporated as if fully set forth herein.

**D.     Execution of the Scheme and Artifice to Defraud**

18.     On or about the dates set forth below, in King County, within the Western District of Washington, and elsewhere, the defendant BINNS, and others known and unknown to the Grand Jury, having devised a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations,

Indictment - 9
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and promises, did knowingly transmit and cause to be transmitted writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme, by means of wire communication in interstate and foreign commerce, including the following transmissions, each of which constitutes a separate count of this Indictment:

| Count | Date(s) | Wire Transmission |
|---|---|---|
| 5 | July 31, 2021 | Installation of malicious script establishing backdoor on T-Mobile's Bellevue Lab, located in the Western District of Washington, from outside the State of Washington |
| 6 | August 5, 2021 | Transfer of electronic data from T-Mobile's Bellevue Lab, from the Western District of Washington, to a location outside the State of Washington |
| 7 | August 14, 2021 | Tweet by Twitter account @und0xxed about the T-Mobile hack and stolen data, sent from outside the State of Washington and received in the Western District of Washington |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 8 - 9

### (Aggravated Identity Theft)

19.     The allegations set forth in Paragraphs 1 through 6 and 13 through 18 of this Indictment are re-alleged and incorporated as if fully set forth herein.

20.     On or about the dates listed below, in King County, within the Western District of Washington, and elsewhere, JOHN ERIN BINNS, and others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, a real person, as described below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, computer fraud and abuse, as charged in Counts 2 through 4, and wire fraud, in violation of 18 U.S.C. § 1343, as charged in Counts 5 through 7, knowing that the means of identification belonged to another actual person.

Indictment - 10
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Count | Date(s) | Description |
|-------|---------|-------------|
| 8 | August 17, 2021 | Personal information of real persons, obtained from protected computers and networks of T-Mobile, possessed and transferred to Buyer-1 |
| 9 | August 22, 2021 | Personal information of real persons, obtained from the protected computers and networks of T-Mobile, possessed and transferred to Buyer-1 |

All in violation of Title 18, United States Code, Sections 1028A(a) and 2.

## COUNT 10

### (Conspiracy to Commit Money Laundering)

21.     The allegations set forth in Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated as if fully set forth herein.

**A.    The Offense**

22.     Beginning at a time unknown, but no later than August 2021, and continuing to the present, in King County, within the Western District of Washington, and elsewhere, JOHN ERIN BINNS, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree, with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and 1957, to wit:

a.     to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, computer fraud and abuse, in violation of Title 18, United States Code, Section 1030; wire fraud, in violation of Title 18, United States Code, Section 1343; and conspiracy to commit such offenses, as charged in Counts 1 through 7 of this Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and, while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions

Indictment - 11
*United States v. Binns*
USAO No. 2021R00952

1  represented the proceeds of some form of unlawful activity, in violation of Title 18, United
2  States Code, Section 1956(a)(1)(B)(i); and
3          b.    to knowingly engage and attempt to engage, in monetary transactions
4  by, through and to a financial institution, affecting interstate and foreign commerce, in
5  criminally derived property of a value greater than $10,000, such property having been
6  derived from a specified unlawful activity, that is, computer fraud and abuse, in violation
7  of Title 18, United States Code, Section 1030; wire fraud, in violation of Title 18, United
8  States Code, Section 1343; and conspiracy to commit such offenses, as charged in Counts 1
9  through 7 of this Indictment, in violation of Title 18, United States Code, Section 1957.
10  **B.    Manner and Means of the Money Laundering Conspiracy**
11       23.    The manner and means used to accomplish the objectives of the conspiracy
12  included, among others, the following:
13          a.    BINNS opened one or more accounts and maintained wallets at a
14  particular foreign-based cryptocurrency exchange, and executed fund transfers and
15  required payments by means of cryptocurrency, such as Bitcoin, with the intent and
16  purpose to conceal and disguise the nature, location, source, ownership, and control of the
17  funds, including proceeds of illegal activity.
18          b.    BINNS further utilized intermediary transfers to further conceal and
19  disguise the nature, location, source, ownership, and control of the funds, including
20  proceeds of illegal activity.  Such transfers typically were divided into many separate
21  transfers of smaller amounts in order to avoid reporting requirements and the attention of
22  regulators, utilizing a technique commonly referred to as a "peel chain."
23          c.    BINNS further agreed to provide cryptocurrency to Coconspirator-2 in
24  exchange for credit cards issued in the name of others and other items of value.
25          d.    Illegally obtained proceeds were transferred to accounts located in
26  foreign countries and ultimately to accounts maintained and controlled by BINNS and his
27  co-conspirators and associates.
28

Indictment - 12
*United States v. Binns*
USAO No. 2021R00952

1     e.     **Example 1:**  On or about August 17, 2021, at the direction of BINNS,
2  Buyer-1 initiated and caused a transfer of an agreed amount of Bitcoin (greater than the
3  equivalent of $10,000) to an escrow wallet, in exchange for a sample set of the advertised
4  T-Mobile data.  Upon further confirmation, the approximate amount of Bitcoin, less an
5  escrow fee, was transferred from the escrow wallet to another cryptocurrency wallet
6  associated with BINNS.  Thereafter, the Bitcoin amount was separated into smaller
7  amounts and sent to different destinations.  For instance, on August 17, 2021, a portion of
8  the Bitcoin amount (greater than the equivalent of $10,000) was transferred to and
9  deposited in a wallet maintained at a foreign cryptocurrency exchange owned and
10  controlled by BINNS.   Through a series of transfers, other portions of the Bitcoin amount
11  were transferred to wallets associated with Coconspirator-2.  Through a series of additional
12  transfers, the majority of the Bitcoin amount was transferred to other wallets believed to be
13  owned and controlled by BINNS.
14     f.     **Example 2:**  On about August 22, 2021, at the direction of BINNS,
15  Buyer-1 initiated and caused a transfer of an agreed amount of Bitcoin (greater than the
16  equivalent of $10,000) to an escrow wallet, in exchange for the entirety of the advertised
17  T-Mobile data.  Upon further confirmation, the approximate amount of Bitcoin, less an
18  escrow fee, was transferred from the escrow wallet to another cryptocurrency wallet.
19  Through a series of subsequent transfers, the majority of the funds from this purchase were
20  transferred to wallets believed to be owned and controlled by BINNS.
21     All in violation of Title 18, United States Code, Section 1956(h).
22               **FORFEITURE ALLEGATION**
23     24.     All of the allegations contained in this Indictment are hereby realleged and
24  incorporated by reference for the purpose of alleging forfeiture.
25     25.     Upon conviction of the offense charged in Count 1, the defendant shall forfeit
26  to the United States all property that constitutes or is traceable to proceeds he obtained
27  from the commission of the offense, as well as any personal property he used to commit the
28  offense.  All such property is forfeitable pursuant to Title 18, United States Code, Section

Indictment - 13
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), Title 18, United

2  States Code, Section 982(a)(2)(B), and Title 18, United States Code, 1030(i) and includes,

3  but is not limited to, a sum of money reflecting the proceeds the defendant obtained from

4  the offense.

5       26.     Upon conviction of any of the offenses charged in Counts 2 through 4, the

6  defendant shall forfeit to the United States any property that constitutes or is traceable to

7  proceeds he obtained from the commission of the offense, as well as any personal property

8  he used to commit the offense. All such property is forfeitable pursuant to Title 18, United

9  States Code, Section 982(a)(2)(B) and Title 18, United States Code, 1030(i) and includes,

10 but is not limited to, a sum of money reflecting the proceeds the defendant obtained from

11 the relevant offense.

12      27.     Upon conviction of any of the offenses charged in Counts 5 through 7, the

13 defendant shall forfeit to the United States any property that constitutes or is traceable to

14 proceeds he obtained from the commission of the offense. All such property is forfeitable

15 pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United

16 States Code, Section 2461(c), and includes, but is not limited to, a sum of money reflecting

17 the proceeds the defendant obtained from the relevant offense.

18      28.     Upon conviction of the offenses charged in Count 10, the defendant shall

19 forfeit to the United States any property that constitutes or is traceable to proceeds he

20 obtained from the commission of the offense, as well as any property that was involved in

21 the offense. All such property is forfeitable pursuant to Title 18, United States Code,

22 Section 982(a)(1) and includes, but is not limited to, a sum of money reflecting the

23 proceeds the defendant obtained from the offense.

24 //

25 //

26 //

27

28

Indictment - 14
*United States v. Binns*
USAO No. 2021R00952

29.     **Substitute Assets.** If any of the property described above, as a result of any act or omission of the defendant,

       a.     cannot be located upon the exercise of due diligence;

       b.     has been transferred or sold to, or deposited with, a third party;

       c.     has been placed beyond the jurisdiction of the court;

       d.     has been substantially diminished in value; or,

       e.     has been commingled with other property which cannot be divided without difficulty,

//

//

//

Indictment - 15
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the United States of America shall be entitled to forfeiture of substitute property pursuant

2  to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

3  Code, Section 2461(c).

4                                        A TRUE BILL:

5                                        DATED:  *12 January 2022*

6                                        *Signature of Foreperson redacted pursuant to*
7                                        *the policy of the Judicial Conference of the*
                                         *United States.*
8
                                         _____
9
                                         FOREPERSON
10

11  _____

12  NICHOLAS W. BROWN
    United States Attorney
13

14  _____

15  ANDREW C. FRIEDMAN
    Assistant United States Attorney
16

17  _____

18  STEVEN T. MASADA
    Assistant United States Attorney
19

20

21

22

23

24

25

26

27

28

Indictment - 16
*United States v. Binns*
USAO No. 2021R00952

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970